UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DAVID ALLEN MAY § | |
| TDCJ-CID No. 633879, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. V-07-21 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of Criminal § | |
| Justice, Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION & ORDER

David Allen May ("May"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. (Dkt. #1). The Director has filed a motion for summary judgment (Dkt. #13) to which May has responded (Dkt. #18)(Dkt. #25). May has also filed a motion for summary judgment. (Dkt. #3). Having considered the motions, response, record and the relevant law, the Court finds that the Director's motion for summary judgment should be GRANTED and the petitioner's motion for summary judgment should be DENIED.

### I. Background

May is currently incarcerated in the TDCJ-CID Stevenson Unit and claims that his rights were violated in regard to disciplinary case number 20060362838. On August 21, 2006, May was notified that he was being charged with the prison disciplinary offenses of threatening to inflict harm, physical or otherwise, on an officer, a Level 1, Code 4.0 violation of the TDCJ-CID

*Disciplinary Rules and Procedures for Offenders*, http://www.tdcj.stat.tx.us/publications/cid/GR-106%20Web%20doc%20English%202-07.pdf, page 24 (last visited September 18, 2007) (hereinafter "TDCJ-CID Disciplinary Rules"), and refusing or failing to obey orders, a Level 2, Code 24.0 violation, TDCJ-CID Disciplinary rules, page 28.[1]  (Disciplinary Hearing Record ("DHR") at 1).  On August 23, 2006, May attended a disciplinary hearing where he was found guilty of both charges by a Disciplinary Hearing Officer ("DHO"), who assessed the following punishments:

1. 45 days loss of recreation and commissary privileges;

2. 15 days solitary confinement;

3. a reduction in line class, from L1 to L2; and

4. 45 days loss of good-time credit.

(DHR at 1, 7); (Disciplinary Hearing Tape #20060362838 ("DHT")).

On October 25, 2006, May submitted a step-one grievance, initiating grievance case number 2007033134, appealing disciplinary case number 20060362838.  (Disciplinary Grievance Record ("DGR") at 1).  May's step-one grievance was denied on November 13, 2006.  (DGR at 2).  On November 28, 2006, May submitted a step-two grievance, appealing the outcome of his step-one grievance.  On January 18, 2007, this step-two grievance was denied.

## II.  Claims and Allegations

May challenges disciplinary case number 20060362838 on the following grounds:

---

[1] Specifically, May was accused of having been ordered to step back into a dorm and get his foot out of the door. (Disciplinary Hearing Record at 1). May did not obey the order. *Id.* May "threatened to inflict harm on COIV Williamson in that he tried to push open the B-7 door and exit the dorm while acting in a belligerent manner." *Id.*

1. "Insufficient of evidence to support a finding of guilt.  There was no threat."  (Dkt. #1 at 5).

2. The hearing officer was biased.  (Dkt. #1 at 5).

3. "Denial of impartial disciplinary and grievance reviews."  (Dkt. #1 at 5).

4. "Violated Due Process rights by not applying *Wolff* safeguards to the hearing before imposing line class sanctions."  (Dkt. #1 at 6).

### III.  Exhaustion of Administrative Remedies

The Director maintains that May's second and fourth claims have not been exhausted. Before filing a petition for a writ of habeas corpus in federal court, an inmate is required to exhaust his administrative remedies.  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).  In the prison disciplinary context, this exhaustion requirement entails the pursuit of TDCJ-CID's internal grievance procedures.  *Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996)(citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5 th Cir. 1993)).  The applicable grievance procedure is composed of two steps and a prisoner must present his claims in both steps before they are exhausted.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  Additionally, inmates must present their claims in a procedurally correct manner to satisfy the exhaustion requirement.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Exceptions to the exhaustion requirement for federal habeas corpus review apply only in extraordinary circumstances, including futility of the administrative process.  *State v. Fuller*, 11 F.3d 61, 62 (5th Cir. 1994).  To overcome the procedural bar, an inmate must show cause and actual prejudice resulting from a procedural default.  *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

The Court has reviewed the Disciplinary Grievance Records.  May's claim regarding bias

on the part of the hearing officer and his claim regarding a violation of his due process rights because of a reduction in line class are not mentioned in either grievance form.[2] Accordingly, the court finds that these claims have not been exhausted.

The Director has conceded that May has sufficiently exhausted his administrative remedies as to his first and third claims. (Dkt. #9 at 7). After reviewing the record, the Court finds that May's first and third claims are not barred by a failure to exhaust administrative remedies.

### IV. Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[3] The burden is on the movant to convince the court that no genuine issue of

---

[2] In any event, the Court finds that May's claim of bias is conclusory. Moreover, May's claim that his due process rights were violated because of a reduction in line class is baseless. *See* Section (V)(A), *infra*.

[3] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings.  *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial.  *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact.  *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

## V. Discussion

### A. Non-Actionable Punishments

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994).  Therefore, a central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison.  *See Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997).

May does not have a liberty interest in a particular inmate classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). Although he may reason that a reduction in time earning status would lengthen his stay in prison, such arguments have been rejected as speculative. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of opportunity to earn good-time credits due to classification is a consequence which does not implicate constitutional interests). Inmates, such as May, may be allowed to earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, but they do not have an unqualified right to earn good time. TEX. GOVT. CODE § 498.003(a) (West 2006) ("Good conduct time is a privilege and not a right.").

There is no legal basis to May's claim regarding his temporary loss of commissary and recreation privileges because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, at 193. May's solitary confinement in this case is also not actionable. A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. The temporary restrictions placed upon Bailey do not implicate due process concerns. *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Nonetheless, May's loss of good-time credits remains actionable. Any possible adverse effects the disciplinary action may have had on Bailey's chances for parole, however, are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

### B. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1976)(citation omitted). However, due process requires that inmates be provided with: (1) advanced written notice of disciplinary charges; (2) an opportunity to call witnesses and to present documentary evidence when the presentations are not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Wolff*, 418 U.S. at 563-67.

It is clear that the first and third prongs of the *Wolff* safeguards were not violated in regards to May's disciplinary proceedings. May was given written notice of the disciplinary charges on August 21, 2006, which was more than 24 hours in advance of the actual hearing. (DHR at 1). May was also provided with a disciplinary hearing report which explained the evidence relied upon and the reasons for the disciplinary action. (DHR at 1); (DHT).

It is also clear that May had an opportunity to call witnesses within proper due process bounds. After listening to the Disciplinary Hearing Tape, it is evident that May originally requested certain witnesses. However, he did not know their names. Because May was sprayed with what appears to be mace, certain other inmates made use of force statements. The DHO

offered to present these statements to May's counsel substitute. However, the DHO explained that he had already reviewed the statements and that they were not in May's favor. May then stated that he did not wish to call the witnesses who had made the statements. May also stated that he had no other evidence to present. After considering these circumstances, the Court finds that no due process violation regarding an opportunity to call witnesses occurred.

### C. Insufficient Evidence

Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The Court's role on review is to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th cir. 2001)(quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).

May argues that the charging officer, Officer Williamson, stated at the disciplinary hearing that he did not feel threatened by May's conduct. However, after reviewing the record, the Court finds ample evidence showing that officer Williamson did indeed feel threatened. In the relevant offense report, Officer Williamson stated that "[d]ue to his tone and attempt to force his way out of the door I felt threatened." (DHR at 2). Similarly, the relevant investigation report (DHR at 3) and the counsel substitute's service investigation worksheet (DHR at 6) indicate that Officer Williamson felt threatened. These facts are also supported by the Disciplinary Hearing Tape. Furthermore, Officer Williamson's report and testimony–as well as May's own testimony–supports a finding that May did not obey Officer Williamson's orders. Accordingly, the Court finds that some facts or evidence support the DHO's findings and habeas relief is therefore not warranted.

### D. Impartial Disciplinary and Grievance Reviews

May argues that he was denied an impartial administrative review. However, May's argument is wholly conclusory and unsupported by any evidence. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Accordingly, May's claim does not warrant habeas relief.

## VI. Certificate Of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that May has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## Conclusion

The Court **ORDERS** the following:

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. The petitioner's motion for summary judgment (Dkt. #3) is **DENIED**.

3. The Director's motion for summary judgment (Dkt. #13) is **GRANTED**.

4. May's remaining motions are **DENIED** as moot.  (Dkt. #6); (Dkt. #8); (Dkt. #12); (Dkt. #16); (Dkt. #20); (Dkt. #23).

5. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 26th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE